VINCENT DI GRAZIA, TRADING AS VINCENT'S GARAGE, PLAINTIFF, v. AMERICAN BONDING COMPANY OF BALTIMORE, A CORPORATION OF THE STATE OF MARYLAND, DEFENDANT.

Camden County Court
Law Diviison

Decided December 31, 1953.

On motion to dismiss complaint.

*Mr. Joseph P. Lodge,* attorney for plaintiff.

*Mr. Edward C. Waddington,* attorney for defendant.

SHEEHAN, J. C. C. This matter comes before the court on the defendant's motion to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. Since the memorandum submitted on behalf of the parties reveals no substantial controversy of fact, a stipulation has been executed by counsel for the parties to the suit agreeing to a determination of the motion on the basis of the written memoranda without oral argument.

The suit is in two counts, each of which is predicated upon a bond filed by the defendant in two replevin actions instituted by the American Bantam Car Company, a corporation of the Commonwealth of Pennsylvania, against Vincent DiGrazia, trading as Vincent's Garage. In both of these original suits the defendant garageman had, at the instance of an ostensible owner of a trailer manufactured by the American Bantam Car Company, made extensive repairs. The buyer, in each instance a resident of New Jersey, had purchased the tractor in Philadelphia from the manufacturer's dealer under a contract denominated under the law of Pennsylvania as a bailment lease, the principle feature of which was to retain in the manufacturer the title to the bailed chattel.

After performing the work upon the chattels the garage-man released one unconditionally but detained the other until he received from the manufacturer's dealer a commit-ment in writing that if he surrendered possession the amount of his claim for which he was entitled under the law to a lien would be made good in the event that his bill was not paid. Thereafter the garageman, without resort to legal processes, seized the chattels, and while thus holding them the manufacturer instituted the replevin suits. Replevin bonds were filed in each instance with the Sheriff of the County of Camden, and the defendant in this proceeding was the surety thereon.

These suits were tried jointly and in the suit which is the basis of the first count a judgment of possession for the plaintiff manufacturer was entered on condition that the manufacturer pay to the garageman the sum of $1,077.27 within 45 days from the date of the judgment. This judg-ment was predicated upon a finding of the court that while the garageman, having surrendered possession of the repaired chattel, was not entitled to a statutory lien, the circumstances under which he had done so, namely, upon written assurance that he would be made whole if he surrendered the chattel, entitled him to enforce an equitable lien in accordance with a prayer for relief set up in his counterclaim to the replevin suit. Some time thereafter the manufacturer was adjudi-cated a bankrupt in federal proceedings and the condition upon which its judgment of possession, namely, the payment of the repair bill, was based was not performed, and the plaintiff herein seeks satisfaction from the defendant on the bond that it filed in that proceeding.

The principal point urged by the defendant in support of the motion is that the condition of the bond provided that upon prosecution of the suit the obligor shall return the goods and chattels if a return thereof shall be awarded, and it contends that the judgment not having awarded the return of the goods no obligation of the surety under the bond has been created. This assumes that the only issue established between the parties was that raised by the complaint and

answer and ignores the contention set up in the counterclaim, citing in support thereof the case of *Auto Brokerage Company v. Ullrich*, 102 *N. J. L.* 341 (*E. & A.* 1926). The case here presented is, however, clearly distinguishable in that the garageman's counterclaim was not based upon another unrelated contractual right but proceeded directly from the relationship created by his conflicting claim to an equity in the very chattel for which the replevin plaintiff brought his possessory action. This position of the parties would result even in contemplation of the law as it existed before the adoption of the rules governing civil practice. That this is so under the impact of *R. R.* 4:13–1 (formerly *Rule* 3:13–1) admits of no reasonable doubt when the language of the rule is considered. Its applicable provision declares that "any defendant failing to set off a liquidated debt or demand * * * shall thereafter be precluded from bringing any action for such debt or demand * * *."

It must be observed as well that the judgment was designed to carry out an equitable holding since the garageman's position as asserted in the counterclaim and as sustained by the trial court was grounded in principles of equity. This means precisely that this judgment and its effect are subject to and governed by the principles followed in the enforcement of a Chancery decree and no countenance can be given to a contention that the right of the replevin plaintiff under which a judgment or decree such as was there entered speaks independently of its discharge of the condition expressly declared in that judgment or decree. For these reasons the motion to dismiss the first count is denied.

The second count is predicated upon a bond filed in the suit for the trailer which the garageman had voluntarily and without condition delivered out of his control and possession. In this suit a judgment giving the right of possession to the manufacturer was entered. This judgment was not entered of record by counsel originally representing the manufacturer, it having been represented to the court that the attorneys were negotiating to settle the two claims. No formal withdrawal was ever noted on the record by

counsel for the replevin plaintiff and the judgment was recorded at the instance of the attorney representing the surety in this proceeding. In any event, the effect of the judgment is to discharge the conditions of the defendant's bond and the motion to dismiss is allowed as to the second count.